## LUCY R. GIBSON *vs.* MANUFACTURERS' FIRE AND MARINE INSURANCE COMPANY.

Suffolk.   Jan. 18. — Feb. 25, 1887.   HOLMES & GARDNER, JJ., absent.

The law of a Territory required any insurance company doing business therein to appoint an attorney at law in each county where its agencies were established, and to file with the territorial auditor an instrument, duly signed and sealed, authorizing such attorney to acknowledge service of legal process, and consenting that any service of process on such attorney should be taken and held to be as valid as if served upon the company. An insurance company filed such an instrument, designating A. and Company as its agents at a certain town, upon whom process could be served. Afterwards the firm of A. and Company, consisting of A. and B., was dissolved, and A., who was not an attorney at law, continued to do business at the same place, under the name of A. and Company, as the agent of the insurance company. Subsequently the company issued a policy of insurance to C., which was countersigned by A.; and C. brought an action on the policy in a district court of the Territory, service of process being made upon A. alone, and recovered judgment. The insurance company made no change in the instrument filed in the auditor's office, after the dissolution of A. and Company; and before the service of process the agency of A. as A. and Company was withdrawn. *Held,* that C. could maintain an action upon the judgment against the insurance company, although it did not appear that he knew that A. was appointed an agent of the company to accept service of process.

CONTRACT upon a judgment recovered by the plaintiff in a district court of the Territory of New Mexico, in an action upon a policy of insurance issued to the plaintiff by the defendant on October 29, 1884. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*L. M. Child,* for the plaintiff.

*J. C. Gray & W. L. Putnam,* for the defendant.

DEVENS, J.   The judgment sued on having been recovered in one of the Territories of the United States, it was competent for the defendant to show, notwithstanding any recitals in the record to the contrary, that the court in which it was rendered had no jurisdiction of the subject matter of the controversy or of the party defendant.   *Carleton* v. *Bickford,* 13 Gray, 591.

It is not contended that, apart from the instrument filed in the auditor's office of the Territory, there could be service upon

the defendant in that Territory. The law of the Territory required any insurance company doing business therein to appoint an attorney at law in each county where its agencies were established, and to file with the territorial auditor an instrument, duly signed and sealed, authorizing such attorney to acknowledge service of legal process, and also consenting that any service of process on such attorney should be taken and held to be as valid as if served upon the company.

On April 24, 1884, the defendant, undertaking to comply with this law, filed such an instrument, designating F. H. Kent and Company, whom it described as its agents at Albuquerque, upon whom process could be served. The firm of F. H. Kent and Company consisted then of F. H. Kent and one Berks, of whom Kent had not been admitted to the bar as an attorney at law; but this cannot be important, as the defendant had adopted and treated them as its agents for the purpose stated. *Lafayette Ins. Co.* v. *French*, 18 How. 404.

On April 30, 1884, the firm of F. H. Kent and Company was dissolved, and F. H. Kent continued to do business at the same place under the name of F. H. Kent and Company as the agent of the defendant. Subsequently to this time, the policy held by the plaintiff was effected through F. H. Kent, and it is upon him alone that the service was made on which the judgment is founded. It is the contention of the defendant, that power to receive service was given to Kent and Berks by the appointment, and that service on Kent alone was not sufficient. But, even if the partnership had continued, a service on one would have been sufficient. It was as the agents of the company to effect insurance that they were appointed as its agents to receive service of process. The ordinary business of a firm may be transacted by one partner, and he might alone acknowledge service of process for the company for which the firm was agent. To do this would be only an act which was required by the business the firm was transacting, and in its ordinary course. It is urged that, when a firm is sued, all the partners must be severally served with process, and therefore each must be so served when, as the agent for another, it is authorized to acknowledge or receive service of process. This by no means follows. The individual partner has not been made the agent of the other

partner to receive service on him, while a principal who has confided an agency to a partnership may fairly be deemed to have entrusted to either partner the execution of those acts which do not from their nature require the concurrent action of both the partners.

Apart from these considerations, it appears that, although Kent and Berks dissolved their partnership on April 30, 1884, F. H. Kent continued to do business under the firm name of F. H. Kent and Company, and continued the agent of the defendant for the purpose of effecting insurance.   The authority granted to the old firm was renewed to Kent alone so far as conducting the business was concerned, and F. H. Kent and Company continued to be held out by the defendant, by its notice in the auditor's office, as its agent for doing business, as in fact Kent really was, and also as its agent to receive service.   By conducting business through the agency of F. H. Kent and Company after the dissolution of the original firm, and with full knowledge that Berks had retired, the defendant renewed its agency to Kent alone under that name, and continuing the notice in the auditor's office thereafter was an adoption of him, under that name, as the person on whom process could be served.

For a similar reason, the fact, that, while no change was made in the auditor's office, the agency of F. H. Kent as F. H. Kent and Company was withdrawn before service was actually made, becomes unimportant.   The legislation of New Mexico had for its object the highly proper purpose of compelling companies which established agencies and did business within the Territory for the sake of the profits to be derived therefrom to submit the controversies that must from time to time arise to the adjudication of the domestic forum.   Where the evidence of a foreign law consists entirely of a written document, statute, or judicial opinion, the question of its construction and effect is for the court alone.   *Kline* v. *Baker*, 99 Mass. 253.   *Ely* v. *James*, 123 Mass. 36.   The only evidence we have is the statute of New Mexico itself, which does not appear ever to have been the subject of judicial construction in that Territory.   Taking into consideration its evident purpose, and its utter futility if a company appointing an agent to receive service could by an act known only to the agent and itself withdraw his powers, it must be

held that this appointment was irrevocable, unless this revocation might be made by the appointment, duly notified upon the public records, of a new agent, who should be competent to receive service of process in regard to any controversies arising upon contracts previously entered into. No such act as this was done; when the service of process was made, F. H. Kent and Company were still held out by the public records as the agent on whom process might be served.

The argument that it does not appear that the plaintiff ever knew of this appointment, that she was not deceived by it, and therefore that the defendant is not estopped from setting up that Kent was not its agent to receive service of process, does not impress us. She was a resident of the Territory, bound by its laws, and entitled to their benefits. She had a right to believe that the defendant had complied with the laws under which alone it had a right to do business there, and that otherwise it would have been restrained from so doing. The act done by the defendant, in publishing its notice in the office of the territorial auditor, was a public one, for the benefit of all whom it might then or thereafter concern. Whether the plaintiff took the pains or not to inquire upon whom process should be served in case of controversy as to her policy, she was entitled to the benefit of the act thus publicly done; and the defendant cannot be heard, as against any one with whom it has contracted, and with whom it could only lawfully contract by compliance with the law of the Territory, to say that such compliance was pretended, or that it has since successfully evaded its operation.

*Judgment for the plaintiff.*