HENRIETTA C. REYER *vs.* ODD FELLOWS' FRATERNAL ACCIDENT ASSOCIATION OF AMERICA.

Hampden.    September 27, 1892. — November 22, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Foreign Judgment — Corporation — Evidence — Agency — Service of Process — Statute of another State.*

A corporation organized under the Pub. Sts. c. 115, with authority to transact the business of accident insurance, issued a policy to A., a citizen of Indiana, who was killed by accident, and a judgment in an action on the policy was recovered by the beneficiary in Indiana. The statutes of that State provided that process against a foreign corporation might be served upon certain officers named, or, in their absence, upon certain others, including its " general or special agent "; that " if none of the aforesaid officers can be found, then upon any person authorized to transact business in the name of such corporation "; and that, when a corporation had an office or agency in any county for the transaction of business, " service upon any agent or clerk employed in the office or agency shall be sufficient service upon the principal "; and further as follows : " Any person who shall, directly or indirectly, receive or transmit money or other valuable thing to or for the use of such corporations, or who shall in any manner make, or cause to be made, any contract, or transact any business for or on account of any such foreign corporation, shall be deemed an agent of such corporation." In an action

against the corporation here upon the judgment, it appeared that the policy was delivered to A. in Indiana, in pursuance of an application made there by him; that other like transactions had been similarly entered into between the defendant and other persons in Indiana; that the defendant was in the habit of forwarding notices of assessments upon its Indiana members with the request to pay the same to B., whom it designated as local secretary in that State, and of receiving from him remittances of sums paid to him by members there upon such assessments, less his commission, as well as of transmitting through him communications relating to proofs of death; that he rendered accounts to the defendant every third month upon blanks which it furnished; that it acknowledged to him the receipt of the moneys which he remitted to it at the home office here; and that he had an office for the transaction of the defendant's business in the county where the action was brought, process in which was served upon him. *Held,* that the defendant had no ground of exception to the admission of certain interrogatories in a deposition of B., in answer to which he testified that he was the defendant's local secretary for Indiana, and recited the circumstances of his engagement as such by one C., representing himself as the defendant's travelling agent. *Held, also,* that the following evidence, offered by the defendant, was properly excluded: 1. Evidence that the defendant never had, by virtue of any vote, any such officer as a local secretary. 2. Evidence of the defendant's secretary that no officer of the defendant, and no one in its home office, had written such a letter as B. testified that he received from the defendant, asking him to act as its agent for Indiana, and which he had mislaid or lost. 3. The defendant's by-laws, which it offered for the purpose of proving that B. was not its authorized agent. *Held, also,* that, under the statutes above cited, B. was the defendant's agent.

A statute of another State, providing that service of process in an action there against a foreign corporation doing business therein may be made upon any agent or any person authorized to transact business in the name of the corporation in that State, is within the power of its Legislature to enact, and gives its courts jurisdiction of an action against such a corporation so served with process.

BARKER, J.   The defendant corporation is organized under the Pub. Sts. c. 115, with authority to transact the business of accident insurance.   The plaintiff is the beneficiary in a policy dated December 11, 1888, and issued to one George Reyer of Indianapolis, Indiana, then the plaintiff's husband, who was killed accidentally on June 18, 1889.   The first count is on a judgment recovered on the policy in the Superior Court of Marion County, Indiana, on December 20, 1889, and the second on the policy itself.   The court below directed a verdict for the plaintiff upon the first, and a verdict for the defendant upon the second count.   Both parties filed bills of exceptions.

If the plaintiff is entitled to a verdict upon the first count, she cannot recover upon the second; and her exceptions, relating only to the case made upon that count, may be properly over-

ruled as immaterial. The defendant's exception to the ruling that the plaintiff could recover upon the first count must also be overruled, if, upon the uncontroverted admissible evidence produced at the trial, the Indiana judgment was valid, and if no material evidence bearing upon that point was excluded.

The defendant is a Massachusetts corporation, and thus foreign to the State of Indiana. Whether it could be there sued depends upon the position which it has seen fit to place itself in with reference to that sovereignty, in connection with the laws of Indiana; and, if liable to be there sued, whether it was so served with process as to give the Indiana court jurisdiction, also depends upon the acts of the corporation and the statutes of that State. These were all facts upon which the defendant was not concluded by the record of the Indiana court; *Carleton* v. *Bickford*, 13 Gray, 591; *Gilman* v. *Gilman*, 126 Mass. 26; *Wright* v. *Andrews*, 130 Mass. 149; *Gibson* v. *Manufacturers' Ins. Co.* 144 Mass. 81; and yet, if upon the uncontroverted admissible evidence the Indiana court had jurisdiction, and if no material evidence was excluded, the ruling that the plaintiff could recover in this action upon the first count was right.

Certain statutes of Indiana in force when the policy was issued and when the Indiana suit was commenced were in evidence, and not controverted, so that their effect was for the court alone. *Kline* v. *Baker*, 99 Mass. 253. *Ely* v. *James*, 123 Mass. 36. *Gibson* v. *Manufacturers' Ins. Co.* 144 Mass. 81. They are thus stated in the bill of exceptions.

" The plaintiff also put in evidence the statutes of Indiana in force at the time of making the contract on which said judgment was rendered, and at the time of commencement of said suit in Indianapolis, by which it was proved that said Superior Court of Indiana should have jurisdiction of all civil causes of such a nature as the cause for which said action was brought in said court, and that said court should be a court of record. Said statutes also contained the following provisions :

" ' The process against either a domestic or foreign corporation may be served on the president, presiding officer, mayor, chairman of the board of trustees, or other chief officer (or, if its chief officer is not found in the county, then upon its cashier, treasurer, secretary, clerk, general or special agent); or, if it is

a municipal corporation, upon its marshal; or if it is an incorporated library company, upon its librarian; if none of the aforesaid officers can be found, then upon any person authorized to transact business in the name of such corporation.'

" ' When a corporation, company, or an individual has an office or agency in any county for the transaction of business, any action growing out of or connected with the business of such office may be brought in the county where the office or agency is located, at the option of the plaintiff, as though the principal resided therein; and service upon any agent or clerk employed in the office or agency shall be sufficient service upon the principal; or process may be sent to any county, and served upon the principal.'

" Said statute also provided that it should be unlawful for any corporation organized under the laws of any other State than the State of Indiana to make any insurance or to transact any business in the State of Indiana, until such corporation shall file with the Auditor of the State of Indiana a written consent that service of process in any suit against the company may be served upon any authorized agent of such company in the State of Indiana, and that if there should be no authorized agent of such company in the county where any suit shall be brought, service may be made upon the Auditor of the State of Indiana with such effect as that made upon an authorized agent of such company.

" Said statute also contained the following provision relating to foreign corporations:

" ' Any person who shall, directly or indirectly, receive or transmit money or other valuable thing to or for the use of such corporations, or who shall in any manner make, or cause to be made, any contract, or transact any business for or on account of any such foreign corporation, shall be deemed an agent of such corporation.' "

The bill discloses no other evidence as to the law of Indiana.

It also appeared that the policy sued on in the Indiana action was delivered in Indiana to a citizen of that State, in pursuance of an application made in Indiana by the insured member; and that other like transactions had been similarly entered into between the defendant and other persons in Indiana; that the

defendant was in the habit of forwarding notices of assessments upon its Indiana members, with the request to pay the same to one Reynolds, in Indianapolis, whom it designated as local secretary in that State, and of receiving from him remittances of sums paid to him by members in Indiana upon such assessments, less his commission, as well as of transmitting through him communications relating to proofs of death; and that he rendered accounts to the defendant every third month upon blanks which it furnished, and that it acknowledged to him the receipt of the moneys which he remitted to it at the home office in Massachusetts; and that he had an office for the transaction of the defendant's business in the county where the suit was brought. It is therefore safe to say that it appeared, without dispute, that the defendant, before and at the time when the Indiana suit was brought, was there engaged in the business of insurance; and that in the transaction of that business, Reynolds (whether " local secretary " or " local State secretary " or not, and whether an officer known to the defendant's by-laws or not) did in fact transmit money to the defendant for its use, as well as transact some other business on its account; and that he maintained an office for that purpose.   This state of facts would not have been at all materially varied, either by the exclusion of the evidence, the admission of which was excepted to by the defendant, or by the admission of that offered and excluded. The first of these exceptions was to the second, third, and fourth interrogatories to the deponent Reynolds, in answer to which he testified that he was the defendant's local secretary for Indiana, and recited the circumstances of his engagement as such by one Hanchett, representing himself as the travelling agent of the defendant.   We see no objection to the admissibility of this testimony, inasmuch as there was independent evidence that Reynolds was recognized by the defendant's officers as its local secretary in Indiana, and that Hanchett's other acts in behalf of the defendant in Indiana were ratified by it, by issuing policies to members upon applications there procured by him.   But, if this evidence had been excluded, there still remained sufficient competent evidence to show that under the Indiana statutes Reynolds was in such a relation to the defendant, as its agent, as to make the service of process against it upon him a valid

service upon the defendant. The defendant also excepted to the exclusion of evidence that the defendant never had by virtue of any vote any such officer as a local secretary. If this evidence had been admitted, and had been believed by the jury, the result could only have been to show that the service upon Reynolds, who under the statute quoted was to be deemed the defendant's agent, was that prescribed under such circumstances by the Indiana statute. The offer to show, by the defendant's secretary, that no officer of the defendant, and no one in its home office, had written such a letter as the one which Reynolds testified that he received from the defendant, asking him to act as its agent for Indiana, and which he had mislaid or lost, might well have been excluded on the ground that such testimony could not be within the personal knowledge of the witness; but, if admitted, the evidence would have had no tendency to contradict or disprove the facts which constituted Reynolds an agent under the Indiana statute. The by-laws of the defendant, which it offered for the purpose of proving that Reynolds was not its authorized agent, and which were excluded, are not stated in the bill of exceptions. But, aside from this, it is evident that its by-laws could not affect the status which Reynolds acquired by virtue of his acts in behalf of the defendant, in connection with the statute declaring that a person so acting should be deemed an agent of the corporation.

It is unnecessary to decide whether the fact that the defendant presumed to do business in Indiana while these statutes were in force raises a presumption that it had filed with the auditor of that State a written consent that process against it might be served upon any authorized agent in the State; (see *Lafayette Ins. Co.* v. *French*, 18 How. 404; *Railroad Co.* v. *Harris*, 12 Wall. 65, 81; *Railway Co.* v. *Whitton*, 13 Wall. 270, 285; *Ex parte Schollenberger*, 96 U. S. 369, 376;) or whether the declaration of the defendant's counsel in court, that it had filed no such consent, had any tendency to prove that fact in its favor. For it is plain upon an examination of the statutes in evidence, that it was the law of Indiana that any foreign corporation doing business there should be liable to be sued in its courts, and that in such suits effective service of process against it might be made by serving the same upon any agent or any

person authorized to transact business in its name in the State. Under the statute last quoted, Reynolds, on whom the process against the defendant was in fact served, was clearly its agent. Whether he was a local secretary also, as the process was in fact served upon him, and as there was no claim or proof that there was any other person in that State holding any superior office in the corporation, was wholly immaterial. The same considerations show that the officer's return was sufficient.*

It therefore sufficiently appeared that the defendant was so served with process as to give the court of Indiana jurisdiction, unless it was beyond the power of the Legislature of Indiana to enact the statutes quoted. Of this power there can be no question. Corporations are not entitled, under Art. IV. § 2 of the Constitution of the United States, " to all privileges and immunities of citizens in the several States." Any State may, within limitations not material to the present case, prescribe the terms and conditions on which foreign corporations may act therein ; and this power undoubtedly allows the State to prescribe the mode of service of process of its courts upon a foreign corporation doing business there. *Lafayette Ins. Co.* v. *French,* 18 How. 404. *Paul* v. *Virginia,* 8 Wall. 168. *Doyle* v. *Continental Ins. Co.* 94 U. S. 535. *Ex parte Schollenberger,* 96 U. S. 369. *Railroad Co.* v. *Koontz,* 104 U. S. 5, 11. *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196. *Philadelphia Fire Association* v. *New York,* 119 U. S. 110. *Attorney General* v. *Bay State Mining Co.* 99 Mass. 148. *National Bank of Commerce* v. *Huntington,* 129 Mass. 444, 449. *Johnston* v. *Trade Ins. Co.* 132 Mass. 432. *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 149 Mass. 24. Such statutes have often been declared to be neither unreasonable in themselves, nor in conflict with any principle of public law, and their purpose of compelling corporations which do business in a certain jurisdiction to submit to the domestic forum the questions arising therefrom is held to be " highly proper." *Lafayette Ins. Co.* v. *French, ubi supra.* *Gillespie* v. *Commercial Ins. Co.* 12 Gray,

---

* The officer's return of service of the summons in the action in Indiana stated that he served upon the defendant " by reading to and within the hearing of Robert L. Reynolds, local State secretary of said association, and delivering to him a true copy hereof, he being the highest officer of the said association found in my bailiwick."

201. *Gibson* v. *Manufacturers' Ins. Co.* 144 Mass. 81. The statutes of Indiana in evidence clearly were framed with this purpose in view; and under them the courts of that State had jurisdiction of the defendant in the action in which judgment was rendered.

*Plaintiff's exceptions overruled.*

*Defendant's exceptions overruled.*

*C. W. Clark,* for the plaintiff.

*H. W. Ely & C. F. Ely,* for the defendant.