<hr />

YOUMANS v. MINNESOTA TITLE INSURANCE & TRUST CO.

(Circuit Court, D. Massachusetts. March 26, 1895.)

No. 220.

1. FOREIGN CORPORATIONS—ACTION AGAINST—BY NONRESIDENT — SERVICE ON COMMISSIONER.

Under Acts Mass. 1884, c. 330, § 1, providing that every foreign corpora-tion having a place of business in the state shall, as a condition to doing

business in the state, appoint the commissioner of corporations its attorney, on whom process "in any action * * * against it may be served," a nonresident may institute suit, the same as a citizen of the state.

**2. SAME—CONTINUANCE OF COMMISSIONER'S AUTHORITY.**

Under the provision of said section, that the authority of the commissioner as such attorney shall continue in force so long as any liability remains outstanding against the corporation in the state, a nonresident may maintain an action against the corporation, after it has ceased to do business in the state, so long as suits against it by citizens of the state are pending, or till it is decided that at the time of bringing the action the corporation had no existing liabilities in the state.

Suit by William Youmans against the Minnesota Title Insurance & Trust Company.

This case was heard on plea in abatement to the jurisdiction of the court. For the purpose of submitting this question, the parties have agreed to certain facts. The suit was brought in the superior court of Massachusetts, and removed to this court. The plaintiff is a citizen of the state of New York. The defendant is a corporation organized under the laws of the state of Minnesota, and having its principal place of business in Minneapolis. Prior to February 27, 1890, one James M. Keith, who had an office in Boston, sold on commission certain of the mortgage loans of the defendant. Upon the representation of Keith that it was necessary from a legal point of view, the defendant, on April 14, 1890, filed in the office of the commissioner of corporations for the commonwealth of Massachusetts an "Appointment of Attorney for the State of Massachusetts," and a "Foreign Corporation's Certificate," in accordance with the requirements of chapter 330, Acts Mass. 1884. The first paper appoints the commissioner its attorney, upon whom all lawful processes in any action or proceeding against it may be served, in like manner and with the same effect as if the corporation existed within the commonwealth. Then follows this provision: "This appointment and the authority of said attorney shall continue in force so long as any liability remains outstanding against said corporation in said commonwealth." Section 1 of chapter 330 of the Acts of 1884 provides as follows: "Every corporation established under the laws of any other state or foreign country and hereafter having a usual place of business in this commonwealth shall, before doing business in this commonwealth, appoint in writing the commissioner of corporations or his successor in office to be its true and lawful attorney upon whom all lawful processes in any action or proceeding against it may be served, and in such writing shall agree that any lawful process against it which is served on said attorney shall be of the same legal force and validity as if served on the company, and that the authority shall continue in force so long as any liability remains outstanding against the company in this commonwealth." Since March 14, 1891, the defendant has transacted no business in Massachusetts; and said Keith declined, on July 21, 1891, to sell any more loans for it. On July 13, 1891, 13 suits at law, which are still pending, were brought by citizens of Massachusetts against this defendant, in the superior court for the county of Suffolk, in said commonwealth, to recover damages, which aggregate about $30,000. In these cases the only service of process was made upon the commissioner. The defendant duly appeared in these suits, and filed answers. The transaction out of which the present suit grew occurred on the 28th day of September, 1891. On the 23d day of October, 1891, notice was given to the commissioner of corporations by the defendant that it had ceased to do business in the commonwealth. This suit was brought December 29, 1891.

M. F. Dickinson, Jr., and Samuel Williston, for plaintiff.
Strout & Coolidge and Edward L. Rand, for defendant.

COLT, Circuit Judge. A foreign corporation, having a usual place of business in Massachusetts, must, before transacting business in the

state, appoint the commissioner of corporations its attorney upon whom process can be served in any action against it, and this authority of the commissioner continues "so long as any liability remains outstanding against the company in this commonwealth." Acts Mass. 1884, c. 330. This statute is a re-enactment in substance of the act of March 6, 1878, which applied only to insurance companies. Acts Mass, 1878, c. 36. A law which requires a foreign corporation to appoint an agent upon whom process may be served, as a condition precedent to its right to transact business within the limits of a state, is valid, and binding. Wilson v. Seligman, 144 U. S. 41, 45, 12 Sup. Ct. 541.; Insurance Co. v. French, 18 How. 404; Ex parte Schollenberger, 96 U. S. 369, 374; Reyer v. Association, 157 Mass. 367, 373, 32 N. E. 469; Vallee v. Dumergue, 4 Exch. 290, 303; Copin v. Adamson, L. R. 9 Exch. 345, 355, 1 Exch. Div. 17. The supreme court of Massachusetts, in construing the act of 1878, held that the right to bring suit is not confined to citizens of the commonwealth, but extends to nonresidents upon contracts made outside of the state. In Johnston v. Insurance Co., 132 Mass. 432, the contention of the defendant was "that the court will not, in the absence of express statute authority, entertain jurisdiction of an action between a nonresident plaintiff and a foreign insurance company doing business in this state, upon a contract made out of the state, and insuring property in another state, where no attachment has been made, and no service had except upon the insurance commissioner."

But the court, in reply to this proposition, said:

"It is true the statute does not in express terms provide for the maintenance of such an action, nor does it prohibit its maintenance. The statute was not framed for that purpose; its object is simply to provide for serving upon such companies 'all lawful processes in any action or proceeding' against them. The words, 'all lawful processes in any action or proceeding,' must be held to include all actions which might lawfully be brought against a company thus having a domicile of business in this commonwealth. It is also true that the main purpose of the statute is to secure to our own citizens the benefit of our laws and tribunals in regard to contracts made with foreign insurance companies who do business in this state; and it contains particular provisions which clearly indicate this general purpose. But it is true of all our statutes, applicable to our own citizens, that their primary object is the benefit of our own citizens, and the security and protection of their rights. We have, however, always extended the privileges of our laws to nonresidents, and opened our courts to their litigation, if the defendant can be found here. Anc. Chart. 91, 192. And it was said by Chief Justice Chapman, in delivering the judgment in Roberts v. Knights, 7 Allen, 449, 452: 'It is consonant to natural right and justice that the courts of every civilized country should be open to hear the causes of all parties who may be resident for the time being within its limits.' "

This decision places a nonresident plaintiff upon the same footing as citizens of Massachusetts with respect to suits brought against foreign corporations under the act of 1884. The defendant availed itself of the privilege of this law in April, 1890. So far as the present question is concerned, it is immaterial when it ceased to do business in the state. The important inquiry is when it ceased to have any liability in the state; for, so long as any such liability exists, it has consented to be sued here. There

are now pending and undetermined in the courts of the state 13 suits against the defendant, to recover damages amounting to about $30,000. These suits were brought in July, 1891, and the present suit was brought December 29, 1891. The defendant having agreed that its domicile here for the purpose of bringing suit should last so long as any liability remains outstanding in the state, and the supreme court of Massachusetts having held that a nonresident in a transitory action could avail himself of the same right which the citizens of the state possess, I see no escape from the conclusion that the court has jurisdiction of this case, at least while the suits in the state court remain undetermined, or until it has been decided that at the time of the bringing of this suit the defendant had no existing liabilities within the state. Plea in abatement overruled.