HENRY F. BRUNING *vs.* BROTHERHOOD ACCIDENT COMPANY.

Suffolk. January 11, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Corporation. Practice, Civil. Fraternal Beneficiary Corporation. Statute.*

A statute of another State, relating to mutual life and accident insurance companies, providing that all processes in any action or proceeding against any foreign corporation doing business in that State under the provisions of the statute may be served on the auditor of the State and shall be of the same legal force and validity as if served on the corporation, and that the provision shall continue in force so long as any liability remains outstanding against the corporation, is a reasonable statute and is binding on a Massachusetts corporation of the nature described which was doing business in that State under a license from the State when a policy sued upon in that State was issued by it although the license had expired before the action was brought.

A fraternal beneficiary corporation organized under the laws of this Commonwealth engaged in the insurance business relating to accidents may be found to be subject to a statute of another State in which it does business relating to "mutual life and accident companies."

CONTRACT on a judgment obtained in the State of Indiana. Writ dated August 26, 1903.

In the Superior Court the case was tried before *Wait,* J., who at the close of the evidence ordered a verdict for the plaintiff for the amount of the Indiana judgment with interest, and reported the case for determination by this court. If the verdict was ordered properly, judgment was to be entered thereon for the plaintiff; if the direction was wrong, such verdict or judgment was to be entered as justice required.

*J. McKnight,* for the plaintiff.

*H. W. Ogden,* (*J. B. Crawford* with him,) for the defendant.

KNOWLTON, C. J.   This is an action upon a judgment recovered by the plaintiff against the defendant in the State of Indiana.   The only question argued before us is whether the judgment is void for want of jurisdiction in the court that rendered it, because there was no legal service upon the defendant.   The service was made upon the auditor of the State of Indiana.

The defendant is a fraternal insurance company organized under the laws of Massachusetts, confining its membership to members of the Independent Order of Odd Fellows, and having its principal office in Boston.   The action in Indiana was upon a policy of insurance, and the evidence was uncontradicted that, at the time when the policy was issued, the defendant was doing business in Indiana under a license from that State.   Before the original action was brought the license had expired, and had not been renewed.   The plaintiff put in evidence § 4914 t of the statutes of Indiana, under the heading, "Mutual Life and Accident Companies," which is as follows: "All processes in any action or proceeding against any foreign corporation, association or society, doing business in this state under the provisions of this act, may be served upon the auditor of this state, and any lawful process against it which is served on the auditor of state, shall be of the same legal force and validity as if served on the corporation, association or society, and this provision shall continue in force so long as any liability remains outstanding against the corporation, association or society in this state, service upon such auditor of state shall be deemed sufficient service upon the principal."   Inasmuch as the defendant saw fit to do business in Indiana under a license from the State, it was bound by all reasonable statutes relating to service for the purpose of giving jurisdiction to local courts.   *Reyer* v. *Odd Fellows' Fraternal Accident Assoc.* 157 Mass. 367.   *Lafayette Ins. Co.* v. *French,* 18 How. 404.   *St. Clair* v. *Cox,* 106 U. S. 350.   *Gillespie* v. *Commercial Ins. Co.* 12 Gray, 201.   There is nothing to show that this statute is unreasonable, and it is therefore binding on the defendant.

The defendant contends that it is not a corporation or association that comes within the terms of the statute.   As we are dealing with the law of another State, we are dependent upon

evidence introduced at the trial for our information, and cannot go outside of it. The only evidence in this case is that found in this section of the statute itself, in connection with the heading under which it appears, and the statement in the report as to the nature of the defendant corporation. Two sections of another statute introduced by the defendant throw no light upon this question. They seem to refer to insurance companies generally, while the statute relied on by the plaintiff seems to apply to "mutual life and accident companies." We understand this to mean insurance companies. We infer from the report and from the word "accident" in the defendant's name, that the insurance business in which the defendant is engaged relates to accidents, and that the defendant is, in a general sense, an accident company. The statement that it is fraternal, confining its membership to members of a certain order, implies that it is mutual. There is nothing to indicate that this company is not a mutual life or accident company, within the meaning of the statute quoted. The language of the heading is broad enough to cover it, and the reasonable inference upon this very meagre testimony is in favor of the plaintiff's contention.

It therefore becomes unnecessary to decide whether, upon the officer's return and the other facts stated, the service would be sufficient under the other statute which the defendant put in evidence, if that were applicable.

*Judgment on the verdict.*