RATH v. OHIO GERMAN FIRE INS. CO., OF TOLEDO, OHIO.

(Supreme Court, Appellate Division, First Department.    June 4, 1909.)

CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—MANAGING AGENT—AUTHORITY—TERMINATION—SERVICE.

Defendant, a foreign insurance company, had a managing agent in New York up to November 10, 1908, when he wrote defendant: "We hereby give you notice of the termination of the agreement or contract existing between your company and this agency, which provides in paragraph 6 that it [the contract] may be terminated at any time by either party hereto giving written notice to the other. * * * When our successor * * * is appointed, we will do everything we can to facilitate the transfer of such records as may be of assistance to him. We will forward you daily reports on business in process in our office, and final account and supplies as soon as practicable." No successor had been appointed on November 27th following, when summons was served on such agent; nor had the records in his possession been transferred, though there remained business in process of adjustment. Held, that such letter did not constitute a termination of the agent's authority, and that service on him as defendant's managing agent, authorized by Code Civ. Proc. § 432, par. 3, bound the company.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 668.*]

Appeal from Special Term, New York County.

Action by Edward F. Rath against the Ohio German Fire Insurance Company, of Toledo, Ohio. From an order vacating a judgment and warrant of attachment, plaintiff appeals. Reversed, and judgment and attachment reinstated.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Holmes Jones, for appellant.

Moses, Morris & Henderson (Isham Henderson, of counsel), for respondent.

CLARKE, J. On the 27th of November, 1908, a warrant of attachment was issued against the property of the defendant, Ohio German Fire Insurance Company. On the same day the sheriff attached property belonging to the defendant in the possession or control of Newman & MacBain, by delivering to and leaving with William C. Newman, a member of the firm, a copy of the summons, complaint, warrant of attachment, and the papers upon which said warrant was granted. Thereafter on December 19, 1908, plaintiff entered judgment against the defendant by default for $1,119.85. Attached to the judgment roll is a certificate of the sheriff of the county of New York that he served the defendant with the summons and complaint in this action on November 27, 1908, by delivering copies thereof to William C. Newman, "managing agent of the said defendant, personally." The defendant, appearing specially, moved to vacate the judgment and warrant of attachment upon the ground that, at the time of the service of the summons and complaint upon William C. Newman, neither he nor the firm of Newman & MacBain were agents or had any authority to act or receive service of any papers for the defendant, and that

said judgment was void for lack of jurisdiction and for the failure of the plaintiff to serve the defendant with the summons as required by the Code of Civil Procedure, and should be vacated and set aside. The motion having been granted, plaintiff appeals.

The affidavit of William C. Newman states that the firm of Newman & MacBain were, prior to the 10th day of November, 1908, the metropolitan agents of the defendant, Ohio German Fire Insurance Company. Section 432 of the Code of Civil Procedure provides that personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof within the state as follows: (1) To the president, vice president, treasurer, assistant treasurer, secretary, or assistant secretary, or, if the corporation lacks either of those officers, to the officer performing corresponding functions under another name. Paragraph 2 provides for a designation in writing of a person to receive service; and paragraph 3 provides:

"If such a designation is not in force, or if neither the person designated or an officer specified in subdivision 1 of this section can be found with due diligence, and the corporation has property within this state, or the cause of action arose therein, to a cashier, a director, or a managing agent of the corporation within the state."

It is conceded that up to November 10, 1908, service upon Newman would have been good, as, being the metropolitan agent for the defendant, he came within the provision as a managing agent of the corporation within the state. But it is claimed that on said date he resigned, and thereafter ceased to be a managing agent, and was not such on the 27th of November, and that, therefore, service upon him was ineffectual to bind the corporation; and he seeks to support that claim by a copy of the letter sent to the defendant upon that date, as follows:

"With surprise and regret we have recently received numerous letters from you requesting cancellations or reductions on lines of business we have written for your company. We most respectfully decline to accede to your numerous requests and re-enclose the letters herewith. As this indicates that there is a lack of confidence in our relationship, we hereby give you notice of the termination of the agreement or contract existing between your company and this agency, which provides in paragraph 6 that it [the contract] may be terminated at any time by either party hereto giving written notice to the other. In taking this action we wish to express our kindly feelings toward the management and our desire to be of any assistance to it; and when our successor to the metropolitan district agency is appointed we will do everything we can to facilitate the transfer of such records as may be of assistance to him. We will forward you daily reports on business in process in our office, and final account and supplies as soon as practicable."

We are of opinion that that letter, in and of itself, was insufficient to destroy the relation of agency, and that, therefore, the said Newman still remained at the time of the service of the summons herein a managing agent of the defendant, upon whom process could properly be served, to charge the defendant under section 432 of the Code of Civil Procedure. The purpose of permitting service upon officers or agents of foreign corporations doing business within this state is to secure the rights of citizens of the state doing business with said corporations upon the one hand, and, upon the other, to secure the service of process upon such persons as will be likely to bring home to the corporation the fact of the service, in order that it may protect itself by a proper ap-

pearance and defense. It will be noted that, in the letter relied upon, Newman spoke of his desire to be of any assistance possible to the management and—

"when our successor to the metropolitan district agency is appointed we will do everything we can to facilitate the transfer of such records as may be of assistance to him. We will forward you daily reports on business in process in our office, and final account and supplies as soon as practicable."

It does not appear, nor is it claimed, that any successor to the metropolitan district agency had been appointed, nor that the records in possession of Newman had been transferred to him, or to any one else. It does appear that there remained business in process in the office, of which he promised to forward daily reports and thereafter to finally account. It is not to be doubted that his relations to the company upon such matters remained of a fiduciary character. We hold, under the circumstances disclosed, and notwithstanding his letter, not acted upon by the defendant, that Newman remained its agent as still in possession of its property, effects, and business, and that from his promise of daily reports there can be no doubt of the transmissal by him of information to the company of the service of process, one of the objects sought to be secured by the provisions of the Code.

It follows, therefore, that the service was good, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, and the judgment and attachment reinstated, with $10 costs. All concur.