## CALIFORNIA STUCCO PRODUCTS OF N. E., Inc., v. NATIONAL GYPSUM CO.

### No. 5.

District Court, D. Massachusetts.

May 15, 1940.

Frank I. Rose, of Boston, Mass., for plaintiff.

Malcolm K. Buckley and Bean, Brooks, Buckley & Bean, all of Buffalo, N. Y., and Leonard Wheeler, Jr., and Goodwin, Proctor & Hoar, all of Boston, Mass., for defendant.

FORD, District Judge.

The present proceeding involves a motion to dismiss filed by the defendant to the plaintiff's complaint for patent infringement. The grounds relied upon by the defendant are presented in its motion as follows:

1. That the defendant, National Gypsum Company, has its regular and established place of business in the City of Buffalo, State of New York.

2. That the defendant has no "regular and established place of business" within the territorial jurisdiction of this court as required by said Judicial Code, Section 48, 28 U.S.C.A. § 109, in order to grant jurisdiction of this cause to this court.

3. That the Henry F. Long, Commissioner of Corporations and Taxation of the Commonwealth of Massachusetts, on whom the summons in civil action or subpoena in this case was served, is not such an agent engaged in conducting such "regular and established place of business" in the territorial jurisdiction of this cause to this court in respect of defendant.

4. That the defendant named herein has not committed acts of infringement of the patent named in the Bill of Complaint within the territorial jurisdiction of this court as required by said Judicial Code, Section 48, 28 U.S.C.A. § 109, in order to grant jurisdiction to this court to try and determine this cause in respect of defendant.

The following facts were established by affidavits and evidence introduced at the hearing on the motion:

The plaintiff is a Massachusetts corporation with its principal place of business in Cambridge, and the defendant is a Delaware corporation engaged in the business of manufacturing and selling gypsum products, building materials, and allied products. The defendant company maintains a sales office at 250 Stuart Street, Boston, Massachusetts, in charge of one Harry G. Cover. Service of the summons and complaint were made on (1) the said Harry G. Cover and (2) Henry F. Long, Commissioner of Corporations and Taxation for the Commonwealth of Massachusetts, whom the defendant designated as its attorney for the service of processes. The service was made on said Cover "by giving in hand to Harry G. Cover agent doing business in Massachusetts * * * a true and attested copy of the within summons." The said Cover and the salesmen working out of the Stuart Street office solicited orders for various products of the defendant, such orders being subject to approval and acceptance at the general offices of the defendant at Buffalo, New York. Neither Cover nor any other person at this office had the authority to contract for or bind the defendant by contract. Cover was a resident of Belmont, Massachusetts, and was employed as salesmanager at the Stuart Street office and he sent all orders

to Buffalo for acceptance. It was his duty to supervise the salesmen. The defendant kept no bank accounts in Massachusetts other than a courtesy account in the First National Bank, in Boston, to which no deposits and from which no withdrawals were made, and there was no other account from which Cover could draw for expenses except a petty cash account of not more than $40. The Stuart Street offices consisted of a main office and two smaller offices connecting with the main office. The offices were furnished with desks, chairs and tables and filing cabinets. Rent for these offices were paid by the home office at Buffalo, New York. There were employed at the Boston office, in addition to Cover, a chief clerk and two stenographers. The duties of the chief clerk were to receive telephone orders concerning sales and transmit them to the home office at Buffalo, New York. It was the duty of the stenographers to write letters requested by salesmen, type orders and direct these orders to the home office at Buffalo, New York. Records were kept of the sales orders at this office. When the orders came into the office copies of the orders were in some instances sent directly to the mill of the company at Portsmouth, New Hampshire, although these orders were not binding until accepted by the company at its home office. Orders for products not manufactured at Portsmouth were sent to the home office and, if approved, sent from there to the mill. When the mill filled these orders from the Boston office, copies of the loading orders were sent to the Boston office and retained at Boston. Sales orders and loading orders were the only business records kept at the Boston office outside of the records as to expenditures as to petty cash. All invoices for goods were sent from the home office and all accounts kept by it. There was no stock of any sort carried by the Stuart Street office nor had the agent Cover any control of any stock. All stock was directly under the control of the home office at Buffalo, New York. It further appeared that the telephone directory listed the name and telephone of the defendant's Boston office on Stuart Street.

The facts further showed alleged acts of infringement in Massachusetts. I understand that the defendant does not now rely on this ground as it does not argue it in its brief.

The venue of patent suits is dependent upon 28 U.S.C.A. § 109, Judicial Code, Section 48, which provides as follows: "Patent cases. In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpoena upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The Supreme Court of the United States in the case of Green v. Chicago B. & Q. Railway Co., 205 U.S. 530, 27 S.Ct. 595, 596, 51 L.Ed. 916, said: "The business shown in this case was, in substance, nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute 'doing business' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it."

■■ This language is applicable to the present case. There does not appear here to have been more than a solicitation of orders in Massachusetts by the defendant foreign corporation. True it carried on some business, but it was not carrying on business so as to come within the general rule laid down in the case of People's Tobacco Co., Ltd. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 235, 62 L. Ed. 587, Ann.Cas. 1918C, 537, which is to the effect that "the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted." Rosenberg Bros. & Co., Inc., v. Curtis Brown Co. 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; Philadelphia & Reading Railway Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L. Ed. 710; Zimmers et al. v. Dodge Brothers Inc., D. C., 21 F.2d 152; Hinchcliffe

Motors, Inc. v. Willys-Overland Motors, Inc., D. C., 30 F.Supp. 580; Haight v. Viking Pump Co. of Delaware, D. C., 29 F.Supp. 575.

The invoices sent from the home office of the defendant to the plaintiff, which were presented in evidence by the plaintiff, upon one of which appeared the words as shipping point, "Boston Warehouse" and method of delivery, "our truck", and the other "Boston Warehouse", "via John R. Foster", in and of themselves, in the absence of further evidence, do not carry sufficient weight to prove conclusively that the defendant was actually engaging in corporate activity in Massachusetts.

If what has already been discussed was the only consideration involved in this motion, the court would be led to conclude that the activity of the defendant in Massachusetts did not subject it to jurisdiction here by service on the agent Cover.

We are confronted, however, in this case with the fact that the defendant has consented to be sued in Massachusetts and has appointed the Commissioner of Corporations and Taxation upon whom service was made as "its true and lawful attorney upon whom all lawful processes in any action or proceeding against it may be served * * *." This was demanded under the Massachusetts statutes as a prerequisite to doing business of any "foreign corporation, which has a usual place of business in this commonwealth", General Laws of Massachusetts (Ter.Ed.) Chapter 181, Section 3.

As the court said in the case of Consolidated Store-Service Co. v. Lamson Consolidated Store-Service Co., C.C., 41 F. 833 (cited with approval in Haight & Freese Co. v. Weiss et al., 1 Cir., 1907, 156 F. 328, 329), "for the privilege of doing business in Massachusetts the defendant corporation made and filed an agreement as above provided." The court in this case quoted with approval the following language in Ex parte Schollenberger, 96 U.S. 369, 378, 24 L.Ed. 853: "The act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive."

The court in the Lamson case further stated (41 F. at page 834): "It is strongly urged that while a defendant corporation may consent to be found in a foreign state, it cannot consent to be an inhabitant of that state for the purpose of allowing suit to be brought against it. I cannot admit the force of this argument. If the question of where a party may be sued is not a jurisdictional fact, * * * I do not see why a corporation cannot as well consent to be considered an inhabitant of a foreign state for the purpose of serving process upon it as consent to be found within a foreign state for such purpose. If a corporation cannot migrate, as is well settled, it is in the nature of a legal fiction to say it can consent to be found and sued in a foreign state, and it is only a legal fiction of the same character to hold that it may consent to become an inhabitant of a foreign state. I think, however, the true ground upon which the court should take jurisdiction is this: that the corporation consents to be sued as a condition for doing business within such state, and that it should be held to its agreement. *The important consideration, therefore, is the assent of the corporation, and not whether it is actually found or becomes an inhabitant of such state. As the place where a party may be sued may be waived, it is not necessary for us to decide in this case that the defendant corporation is an inhabitant of Massachusetts, but the question is, has it consented to be sued there, and so waived any personal exemption in its favor?*" (Italics mine). Cf. Youmans v. Minnesota Title Insurance & Trust Co., C.C., 67 F. 282, 284.

The court in Bagdon v. Philadelphia & Reading C. & I. Co., 217 N.Y. 432, 436, 437, 111 N.E. 1075, 1076, L.R.A. 1916F, 407, Ann.Cas. 1918A, 389, described the designation of an agent for service as, "a true contract. * * * The contract deals with jurisdiction of the person. It does not enlarge or diminish jurisdiction of the subject-matter. It means that, whenever jurisdiction of the subject-matter is present, service on the agent shall give jurisdiction of the person."

The Supreme Court in the case of Neirbo Co. et al. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 167, 168, 60 S.Ct. 153, 154, 84 L.Ed. 167 (not cited in either brief), construing Section 51 of the Judicial Code, as amended, 28 U.S.C.A. § 112, which provides that, "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is

an inhabitant", and in considering the question as to whether Section 51 is satisfied by the designation by a foreign corporation of an agent for service of process, in conformity with the law of a state in which suit is brought against it in one of the federal courts for that state, stated that:

"The jurisdiction of the federal courts —their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. * * * Section 51 'merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election.' Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 99, 73 L.Ed. 252.

"Being a privilege, it may be lost."

 Judicial Code, Section 24, amended, 28 U.S.C.A. § 41, Subd. (7), grants to district courts original jurisdiction of all suits at law or in equity arising under the patent laws. This section is "the source from which District Courts derive jurisdiction of cases arising under the patent laws." General Electric Co. et al. v. Marvel Rare Metals Co. et al., 287 U.S. 430, 434, 53 S.Ct. 202, 204, 77 L.Ed. 408. This latter case further states (287 U.S. at page 435, 53 S.Ct. at page 204, 77 L.Ed. 408) that Judicial Code, Section 48, 28 U.S.C.A. § 109, "relates to venue. It confers upon defendants in patent cases a privilege in respect of the places in which suits may be maintained against them. And that privilege may be waived." Motoshaver, Inc., et al. v. Schick Dry Shaver, Inc., et. al., 9 Cir., 100 F.2d 236.

[4] Consequently, the problem we have here in construing Section 48 of the Judicial Code, is a similar problem to the one the court had in construing Section 51 of the Judicial Code in the Neirbo case, supra, i. e., whether Section 48 is satisfied by the designation by a foreign corporation of an agent for service of process in conformity with the law of a state in which suit is brought against it in one of the federal courts for that state. Applying the reasoning of the Neirbo case and the other cases cited, I am compelled to the conclusion that the defendant here has consented to be sued in this court, which, under Section 24 of the Judicial Code, has jurisdiction of the subject-matter. Oklahoma Packing Co. et al. v. Oklahoma Gas & Electric Co. et al., 10 Cir., 100 F.2d 770, 773, 774; Ex parte Schollenberger, supra, 96 U.S. at page 377, 24 L.Ed. 853.

The motion to quash the service and dismiss the suit is denied.