SAM ANGE, Respondent, *v.* THE GENERAL CRUSHED STONE COM-PANY, Appellant.

Fourth Department, November 7, 1941.

*William J. Darch*, for the appellant.

*William L. Clay*, for the respondent.

CROSBY, P. J. Appellant appeared specially, in this action, and moved to vacate and set aside the service of the summons on the ground that it was void service. The facts are free from dispute.

On January 9, 1936, service of the summons was made by delivering a copy thereof to Almon L. Scott, who had been designated by defendant as the person to receive service in its behalf. The proof of service states that service of the summons was made upon defendant " by delivering to and leaving a true copy thereof personally with Almon L. Scott, an officer of said corporation, to wit, its ———."

Scott never was an officer of defendant unless the term " officer " can be construed broadly enough to include a person designated, by a foreign corporation, to receive service in its behalf; and we doubt that this can be done, for subdivision 1 of section 229 of the Civil Practice Act sets forth a list of the officers on whom service may be made, and subdivision 2 authorizes service upon " a person * * * designated for the purpose pursuant to law by certificate filed in the Department of State."

However, we do not regard the service as faulty merely because the proof of service erroneously described Scott as an officer provided he was, at the time of service, defendant's duly appointed designee. Correct service is the vital matter; proof of it may be made at any time before judgment is taken. (*Winter* v. *Winter*, 256 N. Y. 113, 116; *Lambert* v. *Lambert*, 270 id. 422, 427.)

We come, then, to the question whether or not defendant is in a position to claim that Scott was not its designee for service on the 9th day of January, 1936. Concededly he had been such designee until October 11, 1934, on which date he wrote to defendant a letter in which he stated that he resigned " as service agent of the General Crushed Stone Co. effective at once." However, he continued in defendant's employ until after the date when the summons was served upon him, and defendant designated no other person, in Scott's place, to receive service, and gave no notice, to the plaintiff or to the Secretary of State, that Scott had ceased to be its designee. In fact it does not appear that defendant accepted Scott's resignation or that it took any action in respect thereto.

Subdivision 2 of section 229 of the Civil Practice Act provides that, if a foreign corporation's designee " has died, resigned or removed from the State " the Secretary of State becomes the

person on whom a summons, issued to defendant, should be served. Appellant claims that, since Scott had resigned, and since defendant had made no other designation, the summons should have been delivered to the Secretary of State instead of to Scott. Except for the statute itself, appellant cites no authority in support of its claim.

Respondent argues that, even assuming that the agency existing between defendant and Scott had, upon the latter's resignation, terminated as between them, it nevertheless continued to exist for the benefit of the plaintiff, since he had neither knowledge nor means of knowing of the termination of the agency.

If appellant's claim is sound, a foreign corporation could file, in our State department, a designation of a person to accept service for it, accept the designee's resignation the next day, give no notice of the resignation, make no new designation, and throw upon a person wishing to sue it the burden of determining whether the named designee or the Secretary of State was the proper person to serve. True the plaintiff could have served both the designee Scott and the Secretary of State, but upon this record we conclude that appellant is in no position to claim that plaintiff should have taken that excess of precaution.

The case of *Gibson* v. *Manufacturers' Fire and Marine Ins. Co.* (144 Mass. 81; 10 N. E. 729) is not exactly parallel, for there a partnership had been designated to accept service in behalf of the defendant and the partnership had been dissolved, and no new designation made, and service upon one of the former partners was held to be sufficient service. Speaking of a statute similar to ours, the court said: " Taking into consideration its evident purpose, and its utter futility if a company appointing an agent to receive service could by an act known only to the agent and itself withdraw his powers, it must be held that this appointment was irrevocable."

The case of *Capen* v. *Pacific Mutual Ins. Co.* (25 N. J. Law, 67) is squarely in point with the instant case. Service of process was made upon defendant's designee after his resignation. The following are excerpts from the opinion:

" It may be fairly assumed that, as between the principal and agent, the agency was determined. The important inquiry is, how were the rights of third parties, having no notice of such determination of agency, affected thereby? * * *

" As to the agent himself, the revocation takes effect from the time when the revocation is made known to him; and as to third persons, when it is made known to them, and not before."

While our attention has been called to no New York case precisely parallel with the instant case, the following cases support

the conclusion here reached: *Rath* v. *Ohio German Fire Ins. Co.* (132 App. Div. 692); *Johnston* v. *Mutual Reserve Life Ins. Co.* (45 Misc. 316).

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order affirmed, with ten dollars costs and disbursements.