■ ROBERT G. HEALEY et al., Plaintiffs, v WHITE ROSE FOOD CORP., Defendant. (And a Third-Party Action). ROBERT G. HEALEY et al., Respondents, v CANTOR BROS., INC., et al., Respondents, and AMERICAN LADDER CO., INC., Appellant.—In an action to recover damages for personal injuries, etc., the defendant American Ladder Co., Inc., appeals from so much of an order of the Supreme Court, Suffolk County, dated July 12, 1978, as denied its cross motion to dismiss the complaint, and all cross claims, counterclaims and third-party claims as against it, for lack of in personam jurisdiction. Order affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable jointly to respondents appearing separately and filing separate briefs. The appellant was a Delaware corporation authorized to do business in New York. Pursuant to section 305 of the Business Corporation Law, it designated the Corporation Trust Co. as its agent for the receipt of process. Following the accident which gave rise to plaintiffs' causes of action, the appellant was dissolved in Delaware for nonpayment of taxes. It never filed with the Secretary of State either a certificate attesting to its dissolution (see Business Corporation Law, § 1311), or a certificate of

resignation of the designated agent (see Business Corporation Law, § 305, subd [c]). Subsequent to the dissolution, plaintiffs commenced this action by delivering process to the Corporation Trust Co., then still listed as designated agent in the records of the Secretary of State. Appellant now contends that such service was improper because the dissolution terminated its agency relationship with Corporation Trust Co. by operation of law. We disagree. Having held out Corporation Trust Co. as its agent for receipt of process, the appellant was obliged by statute to give notice of the termination of the agency (see Business Corporation Law, § 305, subd [c]). Appellant may not now be permitted to benefit from its own failure to comply with the law. (See *Ange v General Crushed Stone Co.,* 262 App Div 553.) Accordingly, Special Term properly held that plaintiffs' service was sufficient. Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.