EHRMAN *v.* TEUTONIA INS. CO.

*(District Court, E. D. Arkansas.* ———, 1880.)

PLEADING—WANT OF JURISDICTION—OBJECTION TAKEN BY ANSWER.— The Arkansas Code abolishes pleas in abatement, and in that state there is no difference in the method of pleading matter in abatement and matter in bar; and where a want of jurisdiction over the person is not disclosed upon the face of the complaint the objection may be taken by answer.

SAME—MATTER IN ABATEMENT—HOW PLEADED.—Matter in abatement must be pleaded with exactness, and ought to be certain to every intent.

INSURANCE COMPANIES—NON-COMPLIANCE WITH STATUTE OF STATE—
VALIDITY OF POLICIES.—By failing to comply with the requirements of
the Arkansas statute, prescribing the terms upon which insurance com-
panies of other states may do business in that state, such companies
and their agents and brokers render themselves liable to the penalties
denounced by the act, but such failure does not affect the validity of the
policies issued by them, or in any manner operate to the prejudice of the
policy holder.

SAME—SUIT ON POLICY—PROCESS—SERVICE ON STATE AUDITOR—ES-
TOPPEL.—A statute of Arkansas provides that no insurance company,
not of that state, shall do business in the state until it has filed with the
auditor a stipulation in writing agreeing that legal process affecting the
company, served on the auditor of state, shall have the same effect as if
served personally on the company. *Held,* that if an insurance company
does business in the state, and issues policies to citizens of the state on
property within the state, that in a suit on such a policy service of pro-
cess on the auditor was good personal service on the company, although
the written stipulation to that effect was not filed with the auditor; that in
such case the company was estopped to say that it had not filed the stip-
ulation and had not assented to such service.

This action was brought to recover for an alleged loss on a
fire policy. The complaint alleged the plaintiff was a citi-
zen of the state of Arkansas, and that the defendant was a
corporation created by the laws of the state of Louisiana and
a citizen of that state "doing business and taking risks of
insurance in the state of Arkansas," and that plaintiff paid
the premium and the defendant issued to him the policy in
suit. The property insured was then contained and during
the life of the policy was to be kept in a building situated in
the city of Helena, Arkansas, and that the loss occurred there.
Summons was issued and duly served on the auditor of state,
under section 3561 of Gantt's Digest, as amended by act of
February 27, 1875.

The defendant entered a special appearance, and filed the
following plea, not sworn to: "Now, on this day comes the
defendant, the Teutonic Insurance Company, and, without
entering their appearance herein, say, by way of abatement of
the writ in this behalf, that they never had any agent in this
state; they never had any certificate of authority, as provided
for by the act of February 27, 1875; that they never, in any
manner, complied with the laws of the state of Arkansas pro-
viding for the duties and liabilities of foreign insurance com-

panies doing business in this state, known as the act of February 27, 1875; that service of process upon the auditor of the state of Arkansas is no service upon them, and that they are not bound by the same. Wherefore, they pray judgment, and that said writ be abated."

Plaintiff demurred to the plea.

*Tappan & Horner,* for plaintiff.

*Palmer & Nichols,* for defendant.

CALDWELL, J. Under the Code of this state there is no difference in the method of pleading matter in abatement and matter in bar. Pleas in abatement are abolished, and where a want of jurisdiction over the person or subject of the action is not disclosed upon the face of the complaint the objection may be taken by answer. Gantt's Digest, § 4567; Pomeroy on Remedies, §§ 697, 698, 721; Bliss' Pleadings, § 345. Where other defences are embraced in the answer the court will put the issues to the jury in such a way as to elicit their verdict on the matter in abatement specifically, and where the finding on that issue makes it necessary to do so, will see that the proper judgment in abatement is rendered. Id.

That the paper filed is not technically in the form of an answer, under the Code, and is not verified, are not objections that the court will notice on demurrer. But the rule of pleadings remains, that matter in abatement must be pleaded with exactness, and ought to be certain to every intent. Under this rule none of the allegations of the answer are good. It may be true that the company never had any agent in this state, and yet the contract may have been made in this state by the president or other officer of the company, or by a broker, acting for the company; and the second allegation is disposed of by the observation that the act of February 27, 1875, upon which the pleader in terms rests his plea, is not the act under which the company is required to do these things.

The averments in the plea may all be true, and yet the company may have complied with all the requirements of the act of April 25, 1873, (sections 3540–3565, Gantt's Digest,) which is the act prescribing the duties of foreign

insurance companies doing business in this state. The act
of 1875 simply devolves on the auditor of state the duties
imposed by the act of 1873 on the insurance commissioner;
and the allegation that service on the auditor is not service
on the company is bad, because it does not show why it is
not good service. Service on the auditor may be good per-
sonal service on foreign companies doing business in this
state, and the plea does not deny the existence of facts that
would make such service good on this company.

It does not deny that the company transacted business
and issued the policy in suit in this state; but, waiving the
technical objections to the plea capable of amendment, we
come to the important point intended to be raised by the
pleader, viz.: Whether, on the admitted facts on the record,
service on the auditor of state is good service on the com-
pany.

Every material allegation in the complaint not denied by
the answer is admitted.

As the record stands the defendant admits that the plain-
tiff is a citizen of this state; that the defendant is an insur-
ance company of another state, doing business and taking
risks of insurance in this state; that the plaintiff paid the
premium, and the defendant issued to him the policy in suit;
that the property insured was in this state, and was, by the
terms of the policy, to be kept here during the life of the
policy, and that the loss occurred in this state. In the face
of these admissions can the company be heard to say that
service of the summons on the auditor is not good personal
service on the company?

The insurance act of this state declares it shall be "unlawful
for insurance companies to do business in this state without
complying with its provisions, (section 3555,) and the act,
among other things, requires them to make certain reports to
the auditor of state disclosing their financial condition; and
foreign companies are required to pay into the state treasury
3 per cent of the amount of their premiums received for pol-
icies issued in this state, and such companies, their agents or
brokers, transacting or soliciting business without having

received authority agreeably to the provisions of the act, are subject to a penalty of $500 for each month or fraction thereof during which such illegal business is transacted." Section 3562.

The objects sought to be obtained by this act are security and protection to policy-holders, and revenue to the state, but chiefly the former. By failing to comply with the requirements of the act the companies, and their agents and brokers, render themselves liable to the penalties denounced by the act, but such failure does not affect the validity of the policies issued by them, or in any manner operate to the prejudice of the policy-holders. *Union Mutual Ins. Co.* v. *McMillen,* 24 Ohio, St. 67; *Clay Fire Ins. Co.* v. *Huron Salt Co.* 31 Mich. 346: *Columbus Ins. Co.* v. *Walsh,* 18 Mo. 229; *Lamb* v. *Bowser,* 7 Bissell, 315; S. C. Id. 372; *Hartford Live Stock Ins. Co.* v. *Mathews,* 102 Mass. 221.

The leading provision for the protection of the policy-holder is contained in section 3561. This section is a literal copy of the Pennsylvania statute. See *Ex parte Schollenberger,* 96 U. S. 369–374, where it is set forth at length in the opinion of the court. So much of it as is material to this case reads as follows: "No insurance company, not of this state, nor its agents, shall do business in this state until it has filed with the auditor of state of this state a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company, served on the auditor of state, or the party designated by him, or the agent specified by said company to receive service of process for the company, shall have the same effect as if served personally on the company within this state."

The supreme court of the United States, speaking of a similar provision in a statute of Ohio, say: "We find nothing in this provision either unreasonable in itself or in conflict with any principle of public law. It cannot be deemed unreasonable that the state of Ohio should endeavor to secure its citizens a remedy, in their domestic forum, upon this important class of contracts made and to be performed within that state and fully subject to its laws; nor that proper means should

be used to compel foreign corporations, transacting this business of insurance within the state for their benefit and profit, to answer there for the breach of their contracts of insurance there made and to be performed." *Lafayette Ins. Co.* v. *French et al.* 18 How. 404.

And in a later case the court say that if there could be no legal redress short of the seat of the company in another state, the cost of the remedy would in most instances exceed the value of its fruits, and the result would be, to a large extent, immunity from all legal responsibility. *Railroad Co.* v. *Harris,* 12 Wall. 65.

By the provisions of section 3561 every insurance company of another state is required to stipulate in terms that service on the auditor shall be service on the company. If the stipulation is filed service may be on the auditor, or the person designated by him, or the agent designated by the company, at the election of the plaintiff. *Cunningham* v. *Southern Express Co.* 67 N. C. 425. And if the auditor does not designate a party, and the company does not specify an agent, then the auditor alone is the proper person to serve with the process, and such service binds the company.

The citizen insuring his property in this state is not required to search the files of the auditor's office for the purpose of ascertaining whether the company has filed the required stipulation, and otherwise complied with the statute. The receipt of the premium and the execution and delivery of the policy by the company, are equivalent to an assertion by the company that it has complied with the requirements of the statute to entitle it to do business in the state, and, as between the assured and the company, the latter is estopped, upon the soundest principles of the law and morals, to say that it has not done so.

That the stipulation was not, in fact, filed with the auditor, is of no consequence if the company has done those things which imposed upon it the obligation and duty to file it.

The law deduces the agreement on the part of the company to answer in the courts of this state, on service made upon the

auditor, from the fact of its doing business in the state; and the presumption, from that fact, of assent to service in the mode prescribed by the statute, is conclusive, and no aver-ment or evidence to the contrary is admissible to defeat the jurisdiction. The reason of this rule is that the obligation to file the stipulation is imposed for the protection of the citizen dealing with the company, and when, by its own act, its obli-gation to file the stipulation is perfect, as between the com-pany and the citizen, the company will not be permitted to relieve itself from a liability which the written stipulation would have imposed by pleading its own fraud on the law of the state and her citizens. In such cases the law conclu-sively presumes that to have been done which law and duty and the rights of the party contracting with the company required to be done. It is a familiar principle that jurisdic-tion cannot be acquired by fraud, nor can it be evaded by such a fraud as is here attempted to be set up.

The maxim that no man shall take advantage of his own wrong is as applicable to corporations as to natural persons, and applies as well to the kind of agreement under consider-ation as to any other.

Insurance companies incorporated by the laws of one state have no absolute right to do business in another state, with-out the consent, express or implied, of the latter state.

This consent may be given on such terms as the state may think fit to impose, and these conditions are binding on the company, and effect will be given to them in the courts of all the states and the United States. *Lafayette Ins. Co.* v. *French*, 18 How. 404; *Paul* v. *Virginia*, 8 Wall. 168.

"One of these conditions may be that it shall consent to be sued there. If it do business there, it will be presumed to have assented and will be bound accordingly." *Railroad Co.* v. *Harris*, 12 Wall. 65.

The principle established in the case last cited has been affirmed in later cases. *Railway Co.* v. *Whitton*, 13 Wall. 270, 285; *Ex parte Schollenberger*, 96 U. S. 369; and see *Hayden* v. *Androscoggin Mills*, 9 Rep. 270; *Albright* v. *Em-*

*pire Pr. Co.* 18 Albany L. J. 313; S. C. 6 Rep. 673; *Wilson Packing Co.* v. *Hunter*, 7 Rep. 455.

Upon the admitted facts of this case service upon the auditor was good personal service on the company, and it must appear, or suffer a judgment by default.

Demurrer sustained.