JOSEPH ROTHROCK *vs.* DWELLING-HOUSE INSURANCE
COMPANY.

Suffolk.   March 20, 1894. — May 18, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Action on Foreign Judgment — Jurisdiction — Service of Process.*

In an action upon a foreign judgment it is proper to inquire into the jurisdiction of
the court in which the judgment was rendered to ascertain whether the defend-
ant appeared, and, if not, whether legal service was made upon him.

An action cannot be maintained in this Commonwealth upon a judgment rendered
in Arkansas against an insurance company incorporated here on a policy of
insurance issued to a resident of that State, where the company, having no
place of business in Arkansas, except as certain persons solicited insurance for
it there, had not filed with the auditor of that State, as required by statute, a
written stipulation that legal process affecting it served on the auditor should
have the same effect as if served personally on it, and where service of process
in the action in which the judgment was rendered was made only on the
auditor, and not on the company.

CONTRACT, on a judgment for $300, recovered on January
25, 1892, in the Circuit Court of Boone County in the State of
Arkansas, on a policy of insurance issued by the defendant.
Writ dated August 9, 1892.

Trial in the Superior Court, without a jury, before *Richard-
son*, J., who found for the plaintiff, and, at the request of the
parties, reported the case for the determination of this court,
on agreed facts, the substance of which appears in the opin-
ion.   If the finding was correct, judgment was to be entered
for the plaintiff; otherwise, judgment was to be entered for the
defendant.

*H. Wheeler*, for the defendant.

*F. B. Hemenway*, for the plaintiff.

KNOWLTON, J.   It appears by the agreed facts that the judg-
ment on which this action is brought was rendered in Arkan-
sas without service of process on the defendant, and that the
defendant had no notice or knowledge of the suit until long
afterwards.   The defendant was incorporated in Massachusetts,
and had no place of business in Arkansas except as certain

persons solicited insurance for it there and sent the applications to the office of the defendant in Chicago, Illinois, where policies were issued.

In an action upon a foreign judgment it is proper to inquire into the jurisdiction of the court in which the judgment was rendered to ascertain whether the defendant appeared, and, if not, whether legal service was made upon him. *Gilman* v. *Gilman*, 126 Mass. 26. *Wright* v. *Andrews*, 130 Mass. 149. In the present case service was made in the original action on the Auditor of the State of Arkansas, and the only question is whether such service was authorized, and was sufficient under the statute of that State. The language of the statute is as follows :

" Sect. 3834. No insurance company, not of this State, nor its agents, shall do business in this State, until it has filed with the auditor of this State a written stipulation, duly authenticated by the company, agreeing that any legal process affecting the company, served on the auditor or the party designated by him, or the agent specified by said company to receive service of process for the company, shall have the same effect as if served personally on the company within this State. And if such company should cease to maintain such agent in this State, so designated, such process may thereafter be served on the auditor ; but so long as any liability of the stipulating company to any resident of this State continues, such stipulation cannot be revoked or modified except that a new one may be substituted, so as to require or dispense with service at the office of said company within this State, and that such service, according to this stipulation, shall be sufficient personal service on the company. The term ' process ' includes any writ, summons, subpœna, or order, whereby any action, suit, or proceedings shall be commenced, or which shall be issued in or upon any action, suit, or proceedings.

" Sect. 3835. Any person or persons, or corporation, receiving premiums or forwarding applications, or in any other way transacting business for any insurance company or association not of this State, without having received authority agreeably to the provisions of this act, shall forfeit and pay to the school fund of the State the sum of five hundred dollars for each month or frac-

tion thereof during which such illegal business was transacted, and any company not of this State, doing business without authority, shall forfeit a like sum for every month or fraction thereof, and be prohibited from doing business in this State until such fines are fully paid." Statutes of Arkansas of 1884.

The defendant had filed no stipulation as required by this statute. The persons forwarding applications, and the corporation itself, were therefore liable to fines, and the corporation was also prohibited from doing business until the fines should be paid. There is no provision for service on the auditor when no stipulation is filed, and in such cases the policy holders are left to pursue their remedies on their policies in jurisdictions where they can get a valid service, while the corporation and its agents are punished for their violation of law. In § 3835 business done without filing the stipulation is called illegal, and we see nothing to indicate that the object of the statute is to make the business regular, or to authorize a service upon the auditor when no stipulation is filed. We do not consider the decision of the county court in Arkansas in the original action an exposition of the statute which is authoritative and binding upon us, and we are not inclined to follow the case of *Ehrman* v. *Teutonia Ins. Co.* 1 Fed. Rep. 471, and 1 McCrary, 128, in which it is held that the defendant was estopped to deny the jurisdiction. That case differed from this inasmuch as the defendant there had notice of the suit, and appeared and sought to set up a want of jurisdiction, although perhaps this difference is not very material. We do not doubt the doctrine that a corporation doing business in a foreign state thereby subjects itself to the statutes of that state. *Reyer* v. *Odd Fellows' Fraternal Accident Association*, 157 Mass. 367. *Lafayette Ins. Co.* v. *French*, 18 How. 404, 408. *Railroad Co.* v. *Harris*, 12 Wall. 65, 81. But it seems to us that the question before us is not whether the defendant would be estopped from setting up its failure to comply with the law to relieve itself from liability under its contract, but whether the plaintiff presents a case which comes within the terms of the statute on which the jurisdiction of the court must be founded. Unless the statute applies to a case like this, the service was improperly made, and it is as if there had been no service. In our opinion, unless the stipulation is filed, a foreign insurance com-

pany has no right to do business in the State, and if it violates the law in that respect no service can be made upon the auditor, and no jurisdiction can be obtained there on which to found a judgment against it. The remedy provided is by a punishment of the corporation, and of such others as have disregarded the requirements of the statute. Suits may be brought upon the contracts in any State where jurisdiction can be obtained. *Hartford Live Stock Ins. Co.* v. *Matthews,* 102 Mass. 221. *Lamb* v. *Bowser,* 7 Biss. 315, 372. *Union Ins. Co.* v. *McMillen,* 24 Ohio St. 67.

*Judgment for the defendant.*