GARRETT W. SCOLLARD *vs.* AMERICAN FELT COMPANY.

Suffolk.    December 5, 1906. — February 26, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Constitutional Law. Tax. Corporation. Statute,* Repeal. *Equity Pleading and Practice,* Service of process.

A tax lawfully may be assessed to a foreign corporation doing business in this Commonwealth upon its personal property situated here and need not be assessed *in rem* against the property itself.

The provision of St. 1903, c. 437, § 71, which makes a foreign corporation doing business in this Commonwealth subject to taxation on machinery and merchandise owned by it and situated in the Commonwealth by the city or town in which such property is situated is constitutional, and if such a tax has been assessed properly and has remained unpaid for sixty days after it was payable, the collector of taxes of the city or town where the tax was assessed can maintain a petition under St. 1902, c. 349, to restrain such foreign corporation from doing business in this Commonwealth until such tax is paid, irrespective of the question whether the portion of St. 1903, c. 437, § 71, in regard to the collection of such taxes is invalid, because that part of the statute is separable from the rest, and also irrespective of the question whether the method provided by St. 1902, c. 349, for enforcing the payment of a tax upon property of a non-resident natural person doing business in this Commonwealth is constitutional, because that provision also is separable from the rest of the statute which contains it.

In St. 1902, c. 349, providing that if a foreign corporation doing business in this Commonwealth fails to pay within sixty days a tax lawfully assessed and payable the collector of taxes of the city or town where the tax was assessed may maintain a petition to restrain the corporation from doing business in this Commonwealth until the tax is paid, the provision that service may be made by

leaving a copy of the petition at the place where the business is carried on is reasonable and valid, and this provision for service is not repealed or superseded by anything contained in St. 1903, c. 437.

PETITION, filed in the Supreme Judicial Court on May 31, 1906, by the collector of taxes of the city of Boston against a corporation organized under the laws of the State of New Jersey and doing business in Boston, under St. 1902, c. 349, to restrain the defendant from doing business in this Commonwealth until a tax for the year 1905 of $320 assessed upon the personal property of the defendant, which the defendant had refused and omitted to pay for a period of more than sixty days after demand for its payment, should have been paid.

The respondent appeared specially, and in its answer denied that the tax mentioned in the petition ever was due or payable, and alleged that the assessors of Boston had no jurisdiction over the defendant by reason of its non-residence, that the assessment was void as in violation of art. 12 of the Declaration of Rights and of art. 5 of the Amendments to the Constitution of the United States, that there had been no legal service of process, and that the court had no jurisdiction.

The case was heard by *Hammond*, J. upon agreed facts which are stated in the opinion. The justice made a decree ordering that an injunction issue as prayed for in the petition; and the respondent appealed.

The case was submitted on briefs.

*H. R. Bailey, G. N. Webster & R. C. Cumming*, for the respondent.

*G. A. Flynn*, for the petitioner.

KNOWLTON, C. J. This petition in equity is brought against the defendant, a foreign corporation, under the St. 1902, c. 349, which is as follows: "When any foreign corporation or nonresident person doing business in the Commonwealth shall for sixty days neglect, refuse or omit to pay a tax lawfully assessed and payable, any court having jurisdiction in equity may upon petition of the collector of taxes of the city or town where the tax is assessed restrain said corporation or person from doing business in the Commonwealth until said tax, with all incidental costs and charges, shall have been paid. Service of process upon any such petition may be made by an officer duly qualified

to serve process, by leaving a duly attested copy thereof at the place where the business is carried on." It appears by the agreed facts that the defendant had goods, wares and merchandise, and stock in trade in Boston on May 1, 1905, which the assessors undertook to tax. It is also agreed that the corporation filed no return of its taxable property with the assessors for that year. One of the assessors therefore estimated the value of its property subject to taxation. Plainly this property was rightly taxed under the St. 1903, c. 437, § 71, unless the provision in the last part of this section, that the taxes " shall be assessed, collected and paid in accordance with the provisions of chapters twelve and thirteen of the Revised Laws," is invalid.

The defendant contends that this tax could not lawfully be assessed to the defendant, but that it should have been assessed *in rem* against the particular articles of personal property to which it refers. We are of opinion that this contention is unfounded. In the first place the defendant concedes, and there is no doubt, that personal property may be separated from the domicil of the owner for purposes of taxation, and may be taxed wherever it is kept for use. *Tappan* v. *Merchants' National Bank,* 19 Wall. 490, 499. *Pullman's Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18, 22, and cases cited. *Bristol* v. *Washington County,* 177 U. S. 133. Nor is there any good reason why the tax should not be assessed to the owner in such cases. It should be paid by him, as it is founded upon his ownership of the property taxed, and it undoubtedly can be collected out of the property, if that can be found within the jurisdiction. Taxes so assessed have been held valid in this Commonwealth. *Blackstone Manuf. Co.* v. *Blackstone,* 13 Gray, 488. *Boston Loan Co.* v. *Boston,* 137 Mass. 332. *Lamson Consolidated Store Service Co.* v. *Boston,* 170 Mass. 354. If the question were whether such a tax could be made the foundation of a personal judgment in an action at law against the owner, other considerations would be pertinent. See *Bristol* v. *Washington County,* 177 U. S. 133; *Dewey* v. *Des Moines,* 173 U. S. 204; *New York* v. *McLean,* 170 N. Y. 374. Whether collection could be made by such an action brought by the collector against the owner, it is unnecessary to decide; for if one part of the statute in regard to collection is invalid, we think it separable from the rest, on the

ground that the Legislature probably would have enacted the rest without it, if the question of its validity had been considered.   See *Edwards* v. *Bruorton*, 184 Mass. 529 ; *Commonwealth* v. *Petranich*, 183 Mass. 217 ; *Commonwealth* v. *Anselvich*, 186 Mass. 376, 379.   Upon the facts agreed, the tax appears to have been assessed properly.

For the same reason, we think it unnecessary to consider whether this mode of enforcing the payment of a tax upon property of a non-resident person doing business in this Commonwealth is in accordance with the constitution.   No question on this point has been raised by either of the parties.   For the distinction between rights of corporations and rights of natural persons in these particulars, see *Paul* v. *Virginia*, 8 Wall. 168 ; *Pembina Consolidated Co.* v. *Pennsylvania*, 125 U. S. 181 ; *Horn Silver Mining Co.* v. *New York*, 143 U. S. 305.

The remaining question relates to the service of process under this petition.   The return of the officer shows that the service was made by the delivery of an attested copy of the petition and order of the court upon the vice president of the corporation, who was the person in charge of its business at the place where its business was carried on.   This was in accordance with the statute.   The defendant contends that the statute is unconstitutional in not requiring personal service.   It should be remembered that this service is not to obtain a judgment against the corporation.   It is to enforce a statute which prescribes the terms on which a corporation may do business in this Commonwealth.   One of these terms is, in substance, that the corporation shall pay, within sixty days, all taxes lawfully assessed and payable, and that if it fails to pay, it may be restrained from doing business upon a petition, with a service of process by leaving an attested copy at the place where the business is carried on.   Such a restraint is only until the taxes are paid, and such a service for such a purpose is reasonable.   There is no doubt of the power of the Legislature to prescribe the terms on which a foreign corporation may do business within the State, and the mode of service of the processes of its courts upon it.   *Boston Investment Co.* v. *Boston*, 158 Mass. 461, 463.   *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239.   *Reyer* v. *Odd Fellows' Fraternal Accident Association*, 157

Mass. 367, 373. By doing business in a foreign State, a corpora-
tion subjects itself to the statutes of that State, and impliedly
agrees to be bound by them. *Lafayette Ins. Co.* v.*French,* 18
How. 404, 408. *Rothrock* v. *Dwelling-House Ins. Co.* 161 Mass.
423, 425. *Horn Silver Mining Co.* v. *New York,* 143 U. S. 305,
315. *Hartford Ins. Co.* v. *Perkins,* 125 Fed. Rep. 502, 504. The
service was sufficient.

The defendant contends that this part of the statute was re-
pealed by the St. 1903, c. 437, §§ 58, 95. The last of these
sections, which specifies the chapters and sections of previous
statutes that are expressly repealed, does not refer to the St.
1902, c. 349. This chapter, therefore, remains in force, unless it
is inconsistent with the provisions of the later statute. It is an
additional and special enactment which is found nowhere else,
and which is not inconsistent with the general provisions for the
collection of taxes. It provides a particular mode of service for
process under the petition, that is adapted to the purpose of the
petition. We are of opinion that the provision for this special
kind of service remains unchanged by the later statute.

*Decree affirmed.*