# Huntington *v.* Supreme Commandery, United Order of the Golden Cross of the World, Appellant.

*Actions—Actions in personam—Service of process—Service by publication—Service outside jurisdiction—Failure to serve—Effect —Beneficial associations—Death benefit certificates—Suits—Time for bringing suits—By-laws—Construction.*

1. Where the entire object of an action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely in personam, constructive service by publication upon a nonresident is ineffectual for any purpose. Process from the tribunals of one state can not run into another state, and summon parties there domiciled to leave its territory and to respond to proceedings against them. Publication of process or notice within the state where the tribunal sits can not create any greater obligation upon the nonresident to appear. Process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability.

2. A beneficial society organized under the laws of Massachusetts and a similar society organized under the laws of Tennessee were

consolidated by an agreement whereby the entire membership of the Massachusetts society was merged in the membership of the Tennessee society. Thereafter a suit in equity was brought in Tennessee against both societies, alleging that the Tennessee society had no right to form said consolidation and praying that the agreement of merger be cancelled. The Massachusetts society was not served with process and did not appear; but notice was given to it by publication in accordance with the laws of Tennessee. A decree pro confesso was entered for the plaintiff. In an action by a beneficiary under a death benefit certificate which had been issued by the Massachusetts society prior to the merger, against the Tennessee society, defendant contended that the agreement of merger between the two societies had been cancelled by the Supreme Court of Tennessee, and that, therefore, the plaintiff had no claim against the defendant. The trial judge directed a verdict for plaintiff upon which judgment was entered. *Held,* that the action of the Tennessee court in cancelling the agreement of merger was not binding upon the plaintiff because the Massachusetts society had never been served with process, and that the service by publication was not binding upon the Massachusetts society, and the judgment was affirmed.

Timberlake v. Golden Cross, 208 Mass. 411, followed.

3. In such case it appeared that plaintiff's husband was received by defendant as one of its members under the agreement of consolidation; that defendant did not issue a new certificate to him, but merely assumed the liability of the Massachusetts company with an unimportant modification; and that a by-law of the Massachusetts society provided that "no action......shall be brought ......unless such action is brought within one year from the time when such right of action accrues." It further appeared from the certificate that payment was to be made to the plaintiff upon satisfactory evidence of the death of the member and that there was no right to bring an action until proof of the member's death had been furnished; that a by-law of defendant provided that "no action ......shall be brought......unless the same is commenced within two years from the time when such right of action accrues. Said right of action accrues when official notice of death is received by the supreme keeper of the records." It further appeared that the action was brought within two years of the death of plaintiff's husband and within one year from the date when proofs of loss were furnished. *Held,* that the action was brought within the time required by the by-laws.

. Practice, Supreme Court—Questions which will be considered on appeal.

4. No other questions except those raised in the statement of the question involved will be considered on appeal.

Argued Feb. 12, 1918.   Appeal, No. 212, Jan. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1913, No. 590, on directed verdict for plaintiff, in case of Sarah Emma Huntington v. Supreme Commandery, United Order of the Golden Cross of the World.   Before BROWN, C. J., POTTER, STEWART, MOSCH-ZISKER and FRAZER, JJ.   Affirmed.

Assumpsit on a death benefit certificate.   Before PAT-TERSON, J.

Plaintiff's husband died May 29, 1911; proofs of death were filed and the action was brought May 28, 1913.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,390.07 by direction of the court and judgment thereon.   Defendant appealed.

*Error assigned* was in directing a verdict for plaintiff.

*Albert Morgan,* for appellant.—This action can not be maintained, being based upon the attempted consolidation of two fraternal orders which was ultra vires: Miller v. Ammon, 145 U. S. 421; Am. Pres. Trust Co. v. Taylor Mfg. Co., 46 Fed. Rep. 152; Knapp et al. v. Golden Cross, 121 Tenn. 212; Weed v. Cumming, 198 Pa. 442; Luthe v. Farmers' Mut. Fire Ins. Co., 55 Wis. 543; Denver Fire Ins. Co. v. McClelland, 9 Colo. 11.

The decision of the Supreme Court of Tennessee, in setting aside the attempted agreement of consolidation, and perpetually enjoining defendant from in any way carrying out the same, bars the plaintiff's recovery: Reynolds v. Supreme Council, Royal Arcanum, 192 Mass. 150; Green v. Royal Arcanum, 206 N. Y. 591; Supreme Council, Royal Arcanum, v. Green, 237 U. S. 531.

The by-law of the Home Circle limiting the time for bringing suit is binding on the plaintiff and prevents re-

covery: Keystone Mut. Benefit Assn. v. Norris, 115 Pa.
446; Everett v. Niagara Ins. Co., 142 Pa. 322; Chambers
v. Knights of Maccabees, 200 Pa. 244; Beatty v. Supreme
Commandery, U. O. of Golden Cross, 154 Pa. 484.

*Benjamin O. Frick,* with him *Prichard, Saul, Bayard*
and *Evans,* for appellee.—The decree of the Supreme
Court of Tennessee was not binding upon the Supreme
Council of the Home Circle, as it was never served with
process: D'Arcy v. Ketchum, 11 How. U. S. 165; Hart
v. Sansom, 110 U. S. 151; Goldey v. Morning News, 156
U. S. 518; Timberlake v. Golden Cross, 208 Mass. 411.

Under the by-law of the Home Circle requiring suit to
be brought within one year from the time when the right
of action accrues, the right of action accrued when the
proofs of death were filed; and as the suit was brought
within one year thereafter, the time limit within which
the suit could lawfully be brought had not expired.

OPINION BY MR. CHIEF JUSTICE BROWN, April 22, 1918:

In 1893 the Supreme Council of the Home Circle, a
Massachusetts corporation, hereafter called the Home
Circle, issued a beneficiary certificate to George F. Hunt-
ington, which provided for the payment of $2,000 to the
appellee, his widow, upon "satisfactory evidence" of his
death.   In April, 1906, when the certificate was in full
force, the Home Circle entered into an agreement with
the Supreme Commandery, United Order of the Golden
Cross of the World, a Tennessee corporation, hereafter
called the Golden Cross, for the consolidation of the two
orders by merging the entire membership of the former
into the latter.   In November of the same year a bill in
equity was filed by a number of the members of the
Golden Cross, in the chancery court of Knox County,
Tennessee, against the said order and the Home Circle,
alleging that the Golden Cross had no right, under its
charter or the laws of the State of Tennessee, to form the
said merger or consolidation, and the prayer was for a

decree declaring the agreement of merger null and void and ordering it to be cancelled and set aside. The decree asked for was made and affirmed by the Supreme Court of the state in November, 1908: Knapp et al. v. Golden Cross, 121 Tenn. 212. The Home Circle was not served with process in the proceeding and did not appear. Notice was given to it by publication, in accordance with the Tennessee statute, and the decree entered against it was taken pro confesso. From August 1, 1906, to December, 1908, Huntington, who had been received as a member of the Golden Cross, paid, at the order's office in Philadelphia, all premiums or assessments due. After the Supreme Court of Tennessee had affirmed the decree of the chancery court, the Golden Cross notified him that it would receive no more premiums or assessments from him, and the last premium or assessment was returned to him by the local treasurer. He died May 29, 1911, and proof of his death was sent to and received by the appellant. Payment on the beneficiary certificate was refused, and this action was brought May 28, 1913. The defenses made were that, as the agreement of merger between the two orders had been declared null and void by the Supreme Court of Tennessee, the appellee had no claim against the appellant, and the action had not been instituted until after the expiration of the period within which, according to a by-law of the Home Circle, it ought to have been brought. A verdict for the plaintiff, followed by judgment on it, was directed by the trial judge, who did not pass upon the second defense set up, but held that the proceeding in the Tennessee court did not affect the right of the appellee to recover, because her husband had not been made a party thereto, and the Home Circle had not been served with process and had not appeared. The foregoing are all the facts material to a consideration of the two questions raised by counsel for the appellant in his statement of the questions involved. No other question raised in his brief will be considered: Bethlehem Steel Company v. Topliss, 249 Pa. 417.

The proceeding instituted against the Golden Cross and Home Circle in the Tennessee court was against them both in personam. Due legal service was had on the former, but the latter never was served and did not appear. The purpose of the bill was to deprive it and its members of rights which they claimed under the agreement of consolidation with the Golden Cross, but there could not be such deprivation, to be given effect by the courts of other states, in the absence of legal service upon the Home Circle or its voluntary appearance as a defendant: D'Arcy v. Ketchum, 11 Howard 165; Hart v. Sansom, 110 U. S. 151. "Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale. Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings in rem. But where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely in personam, constructive service in this form upon a nonresident is ineffectual for any purpose. Process from the tribunals of one state cannot run into another state, and summon parties there domiciled to leave its territory and respond to proceedings against them. Publication of process or notice within the state where

the tribunal sits cannot create any greater obligation upon the nonresident to appear. Process sent to him out of the state, and process published within it, are equally unavailing in proceedings to establish his personal liability": Pennoyer v. Neff, 95 U. S. 714. "It is an elementary principle of jurisprudence, that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service. Whatever effect a constructive service may be allowed in the courts of the same government, it cannot be recognized as valid by the courts of any other government": Goldey v. Morning News, 156 U. S. 518.

The precise question now under consideration was decided adversely to this appellant by the Supreme Court of Massachusetts in Timberlake v. Golden Cross, 208 Mass. 411. The situation of the plaintiffs there was exactly that of the plaintiff here, and in holding that they could recover, the court said: "The plaintiffs were not parties or privies to the action brought by Knapp and others against the defendant in Tennessee, and are in no way bound by the decision made therein: Rothrock v. Dwelling House Ins. Co., 161 Mass. 423; Pennoyer v. Neff, 95 U. S. 714." But it is urged that this is in conflict with what was held in Supreme Council, Royal Arcanum v. Green, 237 U. S. 531. There is no conflict between the two cases. The Royal Arcanum, a beneficial association, of which Green was a member, had, under its by-laws, changed the rates of assessments. The order was a Massachusetts corporation, and some of its members filed a bill in that state to vacate the raised rates. The Massachusetts court held that they were proper. Subsequently Green instituted a proceeding in New York state, upon the same ground and upon the same facts, and what was decided by the Supreme Court of the

United States was that the judgment in Massachusetts was binding on Green, for the reason that a fraternal and beneficial association is, for the purpose of controversies as to assessments, the representative of all its members. It was so held because the rights of members of a corporation of a fraternal or beneficial character have their source in the constitution and by-laws of the corporation, which are to be construed under the law of the state incorporating the order. In Knapp et al. v. Golden Cross, the Supreme Court of Tennessee undertook to pass upon the validity of a contract between two corporations, one of which had not been served and had not appeared, and set aside the contract, annulling all rights of appellee's husband under it, though he had never even been named as a party to the proceeding. This was damnatus inauditus. Whether the appellee would be bound by the decree of the Tennessee court if the Home Circle had appeared, and therefore ought to be regarded as representing her husband, is a question we need not decide, for it never appeared in pursuance of legal process or otherwise.

When appellee's husband was received by the Golden Cross as one of its members under the agreement of consolidation, it did not issue a new certificate to him. It merely assumed the liability of the Home Circle, with a slight modification, which is of no importance in this issue. A by-law of the Home Circle, adopted June 13, 1898, provides that "no action at law or in equity in any court, shall be brought or maintained in any cause or claim arising out of any membership, benefit certificate, or death of a member, unless such action is brought within one year from the time when such right of action accrues." This action is based upon the certificate issued by the Home Circle and the agreement of consolidation, and the contention of the appellant is that there can be no recovery because it was not brought until two years, less one day, after the death of the holder of the certificate. Even if the appellee was bound by the said by-

law, passed five years subsequently to the issuing of the certificate to her husband, its requirement is that an action on the certificate must be brought within one year from the time the right to bring it had accrued. There was no right to bring it until proof of her husband's death had been furnished to the defendant, for the payment of $2,000 to her was to be made "upon satisfactory evidence" of his death. The certificate and the by-laws of the Home Circle are silent as to when proof of death was to be furnished. A by-law of the Golden Cross provides that "no action at law or in equity shall be brought or maintained in any court, for any cause or any claim arising out of membership in the order, or upon any benefit certificate, unless the same is commenced within two years from the time when such right of action accrues. Said right of action accrues when official notice of death is received by the supreme keeper of the records." Notice of the death of Huntington was sent to and received by the appellant within two years, and as this action was brought within the same period, the second defense cannot prevail. In support of it Ulman v. Golden Cross, this defendant, 220 Mass. 422, is cited. What was there decided is entirely consistent with our own view. Proof of the death of the holder of the beneficiary certificate was furnished to the Golden Cross April 11, 1908, and a cause of action then accrued, but suit was not brought until June 27, 1911,—more than three years thereafter—and it was, of course, held that the disregard of the by-law of the Home Circle barred a recovery.

The assignments of error are overruled and the judgment is affirmed.