## Shouse v. Wagner

Before Lencher, P. J., Kaufman and Lewis, JJ.

*James J. Burns, Jr.*, for plaintiff.

*Eugene B. Strassburger, Jr.*, for defendant.

KAUFMAN, J., May 8, 1952. — Plaintiff Earl H. Shouse brought suit against John H. Wagner, defendant, in assumpsit, alleging that he stored his car in the King Edward Apartment Garage, which was leased by defendant from the Sterling Land Company.

On January 11, 1946, at 11 p.m., E. S. T., plaintiff left his car at the garage for overnight storage and on the morning of January 12, 1946, he was informed that the automobile had been stolen. The automobile was subsequently recovered in a damaged condition and plaintiff is suing defendant for the amount of money spent for the repair of that damage, alleging breach of oral contract for automobile storage.

Suit was brought against defendant on October 15, 1951, at which time defendant John H. Wagner had moved from the City of Pittsburgh and was residing

in the State of Florida. Plaintiff attempted to serve defendant, by directing the Sheriff of Allegheny County to send the summons and complaint to the Secretary of the Commonwealth of Pennsylvania who having first accepted the service in behalf of defendant, later returned the process to the Sheriff of Allegheny County, stating that the Secretary of the Commonwealth of Pennsylvania is not the statutory agent for the service of process upon individual defendants in actions of assumpsit.

Defendant filed a petition to set aside the service, alleging that it was made under the Nonresident Motorists' Act of May 14, 1929, P. L. 1721.

Plaintiff answered by claiming that proper service was made under the Nonresident Property Owners' Act of July 2, 1937, P. L. 2747, 12 PS §331. It is this act with which this case is concerned.

The question is whether the Nonresident Property Owners' Act authorizes the Secretary of the Commonwealth to accept service for nonresident defendants in an action based on a breach of contract as alleged in this case. The act in part reads as follows:

"That, . . . any nonresident of this Commonwealth being the . . . tenant . . . of real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent thereto, or any such resident . . . who shall subsequently become a nonresident, shall, by the . . . occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his . . . agent for the service of process in any civil action . . . against such . . . tenant, or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved."

If this act is to apply, there must be a civil action arising out of an accident or injury, and that such accident or injury shall be one in which the real estate, footways, and curbs are involved.

Bouvier's Law Dictionary defines an accident as follows:

"The happening of an event without the concurrence of the will of the person by whose agency it was caused; or the happening of an event without any human agency."

The theft of plaintiff's automobile did not meet this description. It was caused by the human agency and by the will of the person by whose agency it was caused.

The same dictionary (Bouvier's) states:

"Injury is the wrongful act or tort which causes loss or harm to another."

It may be that an injury may result also from the failure to perform a duty imposed by a contract, but an injury involving a breach of contract is not provided for in the act.

The Nonresident Property Owners' Act provides for "injury", or wrongful act or tort, in which real estate, footways, and curbs are involved.

Being "involved", is not the same as being the site or location of an accident or injury.

The definition of the word "involved" as set forth in Webster's New International Dictionary is:

"To draw (one) into an entanglement or complication; to embarrass with difficulties or perplexities; to implicate; as, to involve one in debt or a crime; to be seriously involved."

From the use of the word "involved", it is plain to see that the legislature intended that the real estate, footways, or the curbs, of themselves, should be closely tied in with the happening of the accident or the injury.

The condition of the real estate should be causally connected with the accident or injury. If the real estate, footways or the curbs, or any of them were in such a state of disrepair the result of which an accident or injury occurred, then of course the property would be involved within the meaning of the act.

Bok, P. J., in Dubin v. City of Philadelphia et al., 34 D. & C. 61, stated:

"Certainly the law is that personal service within the jurisdiction must generally be had in personal actions: Pennoyer v. Neff, 95 U. S. 714 (1877); Huntingdon v. Supreme Commandery, etc., 261 Pa. 168 (1918). This is the common law, and statutes which derogate it must be construed strictly: Williams et ux. v. Meredith, 326 Pa. 570 (1937)."

Since the circumstances in this case do not reveal that this suit arose out of or by reason of an accident or injury in which the real estate was involved, as required by the act as it is construed here, the petition to set aside the service of process must be allowed.

### Order

And now, to wit, May 8, 1952, the service of the complaint and return of the service of same are hereby set aside.